UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

2004 MAY 28  AM 11:33

LORETTA G. WHYTE
CLERK

MOSES A. SAULSBERRY                              CASE NO: 04-1480

VERSUS                                           SECTION

TIMOTHY RYAN., et al. ERNEST JAMES               SECT. F  MAG. 4

FILED:                                           DEPUTY CLERK:

### PLAINTIFF'S CLAIM THE FOLLOWING COMPLAINT AGAINST THE DEFENDANT'S

Plaintiff, Moses A. Saulsberry, appearing as pro se hereby complaint as follows:

### I. JURISDICTION

1. This action is brought pursuant to 42 U.S.C. 1983 for actions arising under the first, second and fourth Amendments to the Constitution of the United States. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1343, 1331, 2201, and 2202. This action is also brought pursuant to Louisiana Constitution and Louisiana Civil Code Articles 2315. The supplemental jurisdiction of this is conferred over claims arising under the laws of the State of Louisiana pursuant to 28 U.S.C. 1367.

### II. PARTIES

A. Plaintiff

2. Plaintiff Moses A. Saulsberry is a citizen of the United States currently residing at 3400 Kent Street Apartment, L 208 Metairie, Louisiana 70006.

B. Defendants

3. Defendant Timothy Ryan is the registered agent for the University of New Orleans located at the Chancellor's Office, 2000 Lakeshore Drive, New Orleans, Louisiana 70148. As such he is responsible for the overall proper and legal administration of the University of New Orleans and for the employment of personnel at the University of New Orleans. He is sued in his official capacity for claims arising under the Louisiana State law.

4. Defendant Ernest James is employed as Chief of Police for the University of New Orleans located at UNO Police Headquarter, 2000 Lakeshore Drive, New Orleans, Louisiana 70148. Timothy Ryan is the repondeat for the University of New Orleans. As such he is responsible for the overall proper and legal administration of his employees. He is sued in his official capacity for claims arising

1

under the Louisiana State law.

### III. STATEMENT OF FACTS

5. On April 2, 2004 the University of New Orleans Harassed, defame and slandered plaintiff name and character by stating erroneous information to UNO Chief of Police, Ernest James of a false accusation of "Disturbing the Peace".

6. On April 1, 2004, plaintiff met with interim Dean of Student Life, Dr. Lucille Gallese to request that this department remove the flag (as a hold) on petitioner student record. The previous Vice-President, Janice Lyn of the Dean of Student Life placed a flag on petitioner Social Security Number at the University of New Orleans on April 12, 2002.

7. Plaintiff claims that there was no reason for Dr. Janice Lyn to place the hold on petitioner SSN since petitioner was wrongly accused of "Sexual Harassment" on April 11, 2002 by UNO Police Officer V. Guerringer, his partner, H. Groom and, Director of Housing, Troy Pierre. Further, UNO Police violated plaintiff rights of due process, illegal interrogation, failed to read plaintiff his Miranda rights and failed to allow plaintiff to call his attorney. Additionally, once plaintiff pointed out these violations, petitioner was transported to Central Lockup by UNO police for a false accusation of "Disturbing the Peace". To this present day, May 26, 2004 the University of New Orleans has failed to ever allow petitioner to ever face his accuser and/or accusers. Petitioner has a claim for the 2002 incidents against the University of New Orleans, Case No. 03-15704 Division "F" Section (10).

8. Petitioner asserts that during his meeting with Dr. Gallese on April 1, 2004, Dr. Gallese was surprised to hear that the University of New Orleans has made such assertions against one of their Honor Student's who has never had a problem at the University before the fabricated allegation. Dr. Gallese suggested to petitioner that he meets with Chief James to discuss the accusations which was fabricated in April, 2002. Petitioner stated that he has no desire to speak to any official at this University regarding the Slander, Defamation and Malicious prosecution he experienced. Petitioner further stated to Dr. Gallese that he refuses to speak to Chief James because his patrolmen, V. Guerringer and Mr. Troy Pierre initiated the false accusation. Also, petitioner went to St. Augustine High School with both Men. Petitioner stated to Dr. Gallese "The Dean of

Student Life never responded to his appeal dated the 3rd day of December, 2003 of the committed acts of April 11, 2002. Despite meeting with Dr. Janice Lyn on the aforementioned date of the 3rd day of December, 2003, he never received a response from the University". Further, the only response that petitioner received was that of the financial aid office which stated that they were waiting for a decision from the Dean of Student Life.

9. Petitioner further claims that once he explained to Dr. Gallese his displeasure with the way that the University of New Orleans has treated him who was in the Honor's Program at the University and, on the Dean's list as an Honor Student, he would like for this department to remove the flag from his student record and, finish his undergraduate degree at another University. Petitioner stated to Dr. Gallese that he has plans to transfer his transcript to Tulane University. Dr. Gallese co-worker, Amy King placed the call to the registrar's office to remove the flag in order for petitioner to transfer his grades to Tulane University and/or any other University while petitioner was still in their meeting.

10. Petitioner claims that after his meeting with Dr. Gallese on April 1, 2004, he went to the Registrar's Office to transfer his transcript to Tulane University. Petitioner discovered that his transcript could not be sent to Tulane University until he pays his outstanding tickets. This is when petitioner life at the University of New Orleans starts another chapter. (See enclosed attachments)

11. Plaintiff asserts that during his false imprisonment for the false accusation of disturbing the peace on the 11th day of April, 2002 until the 17th day of April, 2002 UNO Police Officer's placed several tickets on petitioner car parked by his apartment located at 2000 Lakeshore Drive, Apt 812, New Orleans, Louisiana 70148. Petitioner asserts that these tickets fees were in access of $600.00. Petitioner attests that in his opinion, the only reason why UNO Police Officer's placed said tickets on petitioner vehicle as a form of further Harassment and Cruel Hatred, was due to the pending litigation.

12. Plaintiff attests that despite hoping to not see any one from UNO Police Division, on April 2, 2002 he went to UNO Police Headquarter to try and find out why did UNO Police Officer's placed several tickets on his automobile during his false imprisonment.

3

13. Plaintiff claims that while in UNO Police Headquarter Traffic Division Officer V. Guerringer who initiated the initial fabrication in April, 2002 arrived observing petitioner with this look of cruel hatred. UNO Police Traffic Attendant stated to petitioner that he has to come back Monday, April 5, 2004 to speak with Chief James in regards to his tickets. Petitioner stated that these tickets are in error. He needs to get this transfer done so that he may attend the summer session at Tulane University. Further, the only ticket he had on his vehicle been paid before the spring 2002 session begins in January, 2002. Officer V. Guerringer then stated to petitioner "Look the lady said you have to come back Monday." Petitioner stated to Officer Guerringer "Look I am not in the mood for any of your foolishness. I am going to speak with the Chancellor about this Harassment. This mess is disgusting."

14. Petitioner attests that after complying with defendant, Ernest James request of a letter in regards to April 2, 2004 incident and that the letter must include an explanation of the tickets petitioner believes was in error, defendant, Ernest James still suggests to petitioner that he must write a letter for each individual ticket not a general letter to include all tickets. Petitioner stated to defendant, James this was not your suggestion per their telephone conversation on Monday, April 5, 2004. (See enclosed attachments)

15. The University of New Orleans is well known locally, nationally, as well as internationally. Due to the nature of this traumatic life altering humiliation, defamation of character, slander, malice, harassment, emotional and mental anguish complained of, plaintiff suffered character and reputation assassination, pain and suffering, and emotional distress.

16. As a result of the actions complained of, plaintiff suffered an horrendous traumatic life altering events that has caused undue harm to his family, friends, fellow laborers of the gospel, reputation, colleagues, pain, suffering and emotional distress.

## IV. STATEMENT OF CLAIMS

17. The actions and inactions of defendants constituted deliberate indifference to a series of life altering events and violated plaintiff's rights under the eighth amendment of the Constitution of the United States.

18. The actions and inactions of defendant, Timothy Ryan employees constituted deliberate

4

      indifference to a myriad of malicious acts and violated plaintiff's rights under the eighth amendment of the Constitution of the United States.

19. The actions of defendant, Timothy Ryan employees constituted excessive and unreasonable force in violation of Louisiana Constitution Art. 1 & 20.

20. Defendant Timothy Ryan employees were negligent in the abuse inflicted upon plaintiff in violation of Louisiana law. LSA-C.C. Art. 2315 et seq.

21. Defendant Timothy Ryan is responsible for the acts and omissions of his employees pursuant to Louisiana Civil Code Art. 2320.

22. The actions and inactions of the employees of defendant Timothy Ryan complained herein constituted intentional, reckless, and/or negligent infliction of emotional distress and physical injury in violation of Louisiana law, LSA-C.C. Art. 2315 et seq. Therefore, defendant Tim Ryan is also liable on this claim pursuant to respond eat superior.

## V. PRAYER FOR RELIEF

**WHEREFORE,** plaintiff requests this Honorable Court to grant the following relief:

For his humiliation and mental suffering resulting from the harassment and slander plaintiff claims 4.5 million dollars from defendant, Timothy Ryan; for the injury to his reputation, personal and professional, plaintiff claims 2.5 million dollars from defendant, Timothy Ryan; for the injury done to plaintiff in the malicious assassination of his character and the loss of public confidence, plaintiff claims 3 million dollars from defendant, Timothy Ryan; and for the damages because of embarrassment and mental anguish felt by plaintiff and members of his family, plaintiff claims 5 million dollars; making a total claim of 15 million dollars.

Plaintiff further requests that this Honorable Court order the defendant, Timothy Ryan and the University of New Orleans to release plaintiff's transcript to Tulane University at their costs. Plaintiff also requests that this court order the University of New Orleans to remove the aforementioned tickets and any derogatory letters, infractions and any other order that this court deems proper from their records.

Due to the myriad of wrongful acts in the above entitled and numbered cause and the University of New Orleans is now causing plaintiff to missed the current summer session at Tulane University, plaintiff

respectfully requests an expeditious hearing to expedite litigation.

Plaintiff requests this Honorable Court to grant the aforesaid relief and after due proceedings defendant, Timothy Ryan be condemned to pay plaintiff, Moses A. Saulsberry the sum of 15 million dollars, with legal interest from judicial demand until paid, and all costs of this suit.

(A) Enter a declaratory judgment that the defendants' actions violated plaintiff's rights as secured by 42 U.S.C. 1983, the 8th Amendment of the United States Constitution, and LSA-C.C. Art. 2315 et seq.

(B) Enter a declaratory judgment that the defendants' actions violated plaintiff's rights as secured by 42 U.S.C. 4th Amendment of the United States Constitution, and Louisiana Constitution Art. 1 & 20.

(C) Grant plaintiff damages for violation of his constitutional rights and his rights under Louisiana law, including but not limited to damages for physical injury, malice, emotional distress and, pain and suffering.

(D) Issue an order that the University of New Orleans issue a letter of apology to plaintiff and place in his student record as a part of relief.

(E) Grant plaintiff costs, attorney's fees, and any and all such further relief, as this court may deem proper.

Respectfully submitted,

*/s/ Moses A. Saulsberry*
Moses A. Saulsberry
3400 Kent Street Apt L 208
Metairie, Louisiana 70006

EASTERN DISTRICT COURT FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

DIVISION:                                                                                                      DOCKET NO:

NOTICE

Pursuant to the provisions of LSA-R.S. 28:50 et seq of 1950, as amended by act No. 714 of the 1977 Regular Session of the Legislature, you are hereby given notice of:

1) Your right to be present at the hearing and to cross examine witnesses.
2) Your right to counsel
3) That, if indigent or otherwise qualified, you have the right to have counsel appointed to represent you by the court.

PLEASE SERVE:

1. Respondent, Tim Ryan, located at 2000 Lakeshore Drive, Chancellor's Office New Orleans, Louisiana 70148.
2. Respondent, Ernest James, located at 2000 Lakeshore Drive, UNO Police Headquarters, New Orleans, Louisiana 70148.

Certificate of Service

I hereby certify that I mailed a copy of the foregoing Notice to all parties involved, postage prepaid, properly addressed and also by placing the the same in U.S. mail this 26th day of May 2004.

Moses A. Saulsberry

AO 240 (EDLA 12/96) PAGE 1

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

Moses A. Saulsberry

v.

Timothy Ryan, et al

**APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND AFFIDAVIT**

**CASE NUMBER:**

I, Moses A. Saulsberry, declare that I am the (check appropriate box)

☑ petitioner/plaintiff/movant   ☐ other

in the above-styled and -numbered proceeding, and that in support of my request to proceed without prepayment of fees or costs under 28 USC § 1915 I declare that I am unable to pay the costs of these proceedings and that I am entitled to the relief sought in the complaint, petition, or motion

In support of this application, I answer the following questions under penalty of perjury:

1  Are you currently incarcerated?   ☐ Yes   ☑ No   (If "No," go to Question 2)

   If "Yes," state the place of your incarceration. _____
   
   Are you employed at your place of incarceration?   ☐ Yes   ☐ No
   
   Do you receive any payment from your place of incarceration?   ☐ Yes   ☐ No

   Have your place of incarceration complete the *CERTIFICATE* portion of this affidavit and attach a ledger sheet from that institution and all others showing at least **the past six month's** transactions

2  Are you currently employed?   ☐ Yes   ☑ No

   a  If your answer is "Yes," state the amount of your take-home salary or wages and pay period and give the name and address of your employer

      $_____ salary or wages per _____

      Employer's name and address

   b  If your answer is "No," state the date of your last employment, the amount of your take-home salary or wages and pay period and the name and address of your employer

      $ 37K salary or wages per yr    SEMA, Inc.    4/90
      Employer's name and address  14000 Chef Menteur H.O, La. 70129

3  In the past twelve months have you received any money from any of the following sources?

   a  Business, profession, or other self-employment      ☐ Yes   ☑ No
   b  Rent payments, interest, or dividends               ☐ Yes   ☑ No
   c  Pensions, annuities, or life insurance payments     ☐ Yes   ☑ No
   d  Disability or workers compensation payments         ☑ Yes   ☐ No
   e  Gifts or inheritances                               ☐ Yes   ☑ No
   f  Any other source                                    ☐ Yes   ☑ No

If the answer to any item in Question 3 is "Yes," describe each source of money and state the amount received **and** what you expect you will continue to receive

SS. $1,081.00

4  Do you have **any** cash or **any** checking or savings accounts?  ☑ Yes   ☐ No   If "Yes," state the total amount $ 3.00

5  Do you own any real estate, stocks, bonds, securities, other financial instruments, automobiles, or other valuable property? ☑ Yes  ☐ No

If "Yes," describe the property and state its value:

immovable property in divorce litigation now @ 4739 St. Roch Ave. N.O., La. 70122

6  List the persons who are dependent on you for support, state your relationship to each person, and state how much you contribute to their support

| Name | Relationship | Amount Contributed for Support |
|---|---|---|
| Jamel Saulsberry | Son | $541.00 |

I declare under penalty of perjury that the foregoing information is true and correct.

5/26/04
Date

Moses A. Saulsberry
Signature of Applicant